## Phillips's Estate.

Argued May 7, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*H. F. Stambaugh,* with him *Ralph H. Demmler* and *Watson & Freeman,* for appellant.

*N. R. Criss,* for appellee.

OPINION BY RHODES, J., October 2, 1935:

The appellant, Potter Title and Trust Company, was appointed guardian of the estate of Hester M. Phillips, a minor, on February 4, 1921. The same questions are involved in this appeal as were involved in Giese's Estate, 119 Pa. Superior Ct. 232, 180 A. 711.

The facts may be summarized as follows: Five hundred dollars was bequeathed to each of three grandchildren under the will of their grandfather, Samuel W. Phillips, deceased. The fifth paragraph of his will reads as follows: "To my grandchildren Hester M. Phillips and Helen Hartley Phillips, and to the child of my daughter Bessie Phillips Bard, about to be born, I give, each, the sum of Five Hundred ($500) Dollars, to be used in educating them in music." One of the grandchildren, Hester M. Phillips, is the appellee in this case. The Potter Title and Trust Company was appointed guardian of the estate of each of these three minors, and received the sum of $500 as guardian of the appellee. The fund, together with the accumulated interest, was invested in a mortgage pool. The interest yield from September 15, 1921, to December 31, 1931, was at the rate of 6%; from January 1, 1932, to December 31, 1932, at 5%; and from January 1, 1933, to July

1, 1934, at 4%. Interest on small cash balances was at the rate of 2%. The appellee, Hester M. Phillips, became of age on October 13, 1928; another child became of age on May 17, 1929; and a third became of age on November 10, 1933. The appellant, as guardian of Hester M. Phillips, the appellee, filed its first and final account on December 1, 1933, showing a balance of $809.08; $43.82 being in cash, and $765.26 invested in the mortgage pool. There is no evidence that the appellee ever requested the filing of an account by the appellant; nor is there any evidence that any request was ever made by her for the funds in the hands of the appellant for the purpose of a musical education. The appellant, as guardian, took no action to carry out the purpose specified in the will. The appellant could have paid over the balance due the appellee in cash on October 13, 1928, when she became of age, or at any time until July 17, 1933, when the Orphans' Court of Allegheny County stated that it would thereafter disapprove the investment of funds under its supervision in any existing general mortgage pool. The appellant was thereupon unable to convert the investment at the date of the filing of the first and final account.

The appellee filed exceptions to the account, and objected to taking a participation certificate in the mortgage pool as set forth in the account. She claimed that she was entitled to an amount in cash equal to the balance on hand as of October 13, 1928, with interest at 6%. The court below, after hearing on the exceptions to the account, overruled the exceptions, and awarded to the appellee a participation certificate in the mortgage pool as of July 17, 1933, in the amount of $765.26. Appellee filed exceptions to this decree of distribution of February 8, 1934. The court in banc sustained the exceptions on March 16, 1934, and awarded cash to the appellee with interest at the rate of 6% from October 13, 1928, when the appellee became of age. On

July 17, 1934, the court reopened the decree of March 16, 1934, and granted a rehearing. Additional testimony was taken. On December 31, 1934, the court affirmed the decree of distribution of March 16, 1934, from which this appeal was taken.

The alleged practice in Allegheny County, where several wards are beneficiaries in the same estate, of not filing an account until the youngest ward has arrived at the age of twenty-one years, unless one of the wards who has attained the age of twenty-one requests the filing of an account at an earlier date, is contrary to Section 59 (j) 8 of the Fiduciaries Act of 1917, P. L. 447 (20 PS §1050). Separate accounts must also be filed for each ward. Weyand's Appeal, 62 Pa. 198.

What we have said in the opinion in Giese's Estate, supra, applies to the facts in this case.

The court below in its schedule of distribution provided for the payment in cash to the appellee of the balance in the hands of the accountant, and added interest in the amount of $50, so as to make the rate 6% instead of the amount which the appellant actually received on the fund in its possession. We are of the opinion that the appellee is entitled only to such interest as the appellant received. We have stated our reasons for not allowing additional interest in the Giese case. The surcharge of $50 for interest will be stricken from the schedule of distribution. When this correction has been made, the decree of distribution will stand affirmed.

The decree is to be modified as herein indicated, and, when so modified, it is affirmed. Record is remitted for the purpose of having the correction made in accordance with this opinion. Costs are to be paid by the appellant.

Judge STADTFELD took no part in the consideration or decision of this case.