## Harrison's Estates

*Robert H. Ireland,* for guardian.

TRIMBLE, P. J., June 16, 1941.—Frederick W. Harrison was guardian of the estates of William Frederick Harrison, Annie Luella Harrison, and Harry Edward Harrison, minors, all of different ages. The guardian filed one account which shows the separate estates of each child.

This practice has been condemned and rightly so. In Baker's Appeal, 8 S. & R. 12 (Tilghman, C. J., 1822), it was said:

"It was his [the guardian's] duty to keep a *separate* account with every child, and I cannot help remarking, that in this respect he has been extremely negligent. The inevitable consequence is confusion; and if he suffers by it, he has only himself to blame."

In Weyand's Appeal, 62 Pa. 198 (Agnew, J., 1869), we find: "The appellant settled one account as guardian of three wards, a practice, by the way, not to be approved of. Guardianship is not joint, but several; the persons, estates, and interests of the wards being several and independent, though they may be children of the same parents. Each is liable for his or her own expenditures, and each attains majority, and can call the guardian to account, at a different period."

There may be an inference in Phillips' Estate, 119 Pa. Superior Ct. 241, 244, that there was a practice in Allegheny County of permitting consolidated accounts to be filed. There never was such a practice. Whenever consolidated accounts were filed, it was solely upon the whim of the accountant. The court never authorized it. The invariable practice has been to require guardians to file accounts as each child comes of age.

A guardian who does not file an account when his ward becomes of age violates section 59 (*j*) 8 of the Fiduciaries Act of June 7, 1917, P. L. 447, which provides:

"Every such guardian, unless previously discharged or removed, shall, on the arrival of his ward at full age, file in the register's office a full and complete account of his management of the minor's property under his care, including all the matters embraced in each partial account; except where an examination or audit, and final decree of confirmation, has taken place as hereinbefore provided, in which case said final account shall include only such matters as were not included in such former accounts and decrees aforesaid. And the decree of the orphans' court upon such final account shall, like other decrees of the court, be conclusive upon all parties, unless reversed, modified, or altered on appeal."

Sometimes an unusual situation warrants the filing of a consolidated account. The proper procedure in cases of this kind is to come into court and get permission to file a consolidated account. The clerk of the orphans' court has no power to dispose of consolidated accounts. Our cost bill is fixed by the authority of an act of assembly and there is no provision for a consolidated account. However, when a consolidated account is considered necessary and will serve all purposes, with no person objecting, if an order is made by the court permitting the consolidation, the clerk will then be warranted in charging for one account. Otherwise he would not.

In the instant case it is no fault of the accountant that an account was not filed as each minor became of age. He was acting under the advice of a lawyer who has since been disbarred. He should have been told to file an account when each became due but he was not so advised. Owing to the facts disclosed in this case the filing of the consolidated account will be approved.